**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARVELLOUS AMIR WARRIOR GREENE, | No. C 11-06287 SBA (PR) |
| Plaintiff, | **ORDER DISMISSING ACTION WITHOUT PREJUDICE** |
| v. | |
| PELICAN BAY STATE PRISON R&R LINE STAFF, et al., | |
| Defendants. | |
| _____/ | |

Plaintiff, Marvellous Amir Warrior Greene, a.k.a. Marcellus Alexander Greene, a state prisoner and frequent litigant in federal court, has filed a pro se civil rights complaint pursuant to 42 U.S.C. § 1983. He seeks to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. Dkt. 5.

The Prison Litigation Reform Act of 1995 was enacted, and became effective, on April 26, 1996. It provides that a prisoner may not bring a civil action in forma pauperis under 28 U.S.C. § 1915 "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). Only cases within one of these three categories (i.e., frivolous, malicious, or fails to state a claim upon which relief may be granted) can be counted as strikes for purposes of § 1915(g). Andrews v. King, 398 F.3d 1113, 1121 (9th Cir. 2005) (citation omitted). Dismissal of an action under § 1915(g) should only occur when, "after careful evaluation of the order dismissing an [earlier] action, and other relevant information, the district court determines that the action was dismissed because it was frivolous, malicious or failed to state a claim." Id.

**United States District Court**
For the Northern District of California

1    <u>Andrews</u> holds that the prisoner be given notice of the potential applicability of

2  § 1915(g), by either the district court or the defendants, and that the prisoner bears the

3  ultimate burden of persuasion that § 1915(g) does not bar pauper status for him. <u>Id.</u>

4  <u>Andrews</u> implicitly allows the Court to raise a § 1915(g) bar sua sponte, but requires the

5  Court to notify the prisoner of the earlier dismissals it considers to support a § 1915(g)

6  dismissal and allow the prisoner an opportunity to be heard on the matter before dismissing

7  the action. <u>See</u> <u>id.</u> at 1120. A dismissal under § 1915(g) means that a prisoner cannot

8  proceed with his action as a pauper under § 1915(g), but he may nevertheless pursue his

9  claims if he pays the full filing fee at the outset of the action.

10    In accordance with <u>Andrews</u>, the Court issued an Order to Show Cause in which it sua

11  sponte raised the potential § 1915(g) bar with Plaintiff in this case, and notified him of the

12  earlier dismissals it considered to support a § 1915(g) dismissal. Dkt. 8. The Court

13  determined that Plaintiff has had at least four prior prisoner actions dismissed on the grounds

14  that they were frivolous, malicious, or failed to state a claim upon which relief may be

15  granted. <u>See, e.g.,</u> <u>Greene v. State of California</u>, No. CIV S-02-2398 FCD KJM P (E.D. Cal.

16  July 11, 2003) (civil rights action dismissed as frivolous); <u>Greene v. Reyes, et al.</u>, No. CIV S-

17  00-0196 LKK DAD P (E.D. Cal. June 6, 2000) (civil rights action dismissed for failure to

18  state a claim upon which relief may be granted); <u>Greene v. Pontarolo, et al.</u>, No. CIV S-04-

19  2383 FCD DAD P (E.D. Cal. Jan. 23, 2006) (same); and <u>Greene v. Jones, et al.</u>, No. C 08-

20  00677 CRB (PR) (E.D. Cal. Feb. 12, 2009) (same). Because Plaintiff has had at least four

21  prior dismissals and was not under imminent danger of serious physical injury at the time of

22  filing, the Court ordered Plaintiff to show cause why the four aforementioned dismissals

23  should not be counted as "strikes" to support a § 1915(g) dismissal.

24    In response to the Order to Show Cause, Plaintiff filed two identical documents

25  entitled "Counter to Order to Show Cause Facts 'Order to Show Cause'," Dkts. 9, 10, in

26  which Plaintiff contests the Court's finding that he has had four qualifying dismissals under §

27  1915(g). Specifically, he argues that the Court should not have counted one of the cases --

28  <u>Greene v. Jones, et al.</u>, No. C 08-00677 CRB (PR) (E.D. Cal. Feb. 12, 2009) -- as a

1    qualifying dismissal because it has been reopened and was an "active case [in which he] was

2    granted leave to amend . . . ." Dkt. 9 at 2.  A review of the docket of that case reveals that it

3    has indeed been reopened; therefore, the Court finds that it no longer qualifies as a qualifying

4    dismissal.  See Greene v. Jones, et al., No. C 08-00677 CRB (PR) (E.D. Cal. March 13,

5    2013) (Order Vacating Judgment and Reopening Case).

6         The above notwithstanding, the Court finds that there are three other qualifying

7    dismissals, of which Plaintiff only contests the dismissal in Greene v. Pontarolo, et al., No.

8    CIV S-04-2383 FCD DAD P (E.D. Cal. Jan. 23, 2006).  Dkt. 9 at 3.  Plaintiff does not claim

9    that this case was dismissed erroneously on the ground the complaint failed to state a

10   cognizable claim for relief.  Nor does Plaintiff dispute the notion that a case dismissed for

11   "failure to state a cognizable claim for relief" is a qualifying dismissal under § 1915(g).  See

12   Andrews, 398 F.3d at 1117 n.3, 1121 (finding dismissal "for failure to state a claim"

13   constitutes qualifying dismissal under § 1915(g)).  Rather, Plaintiff merely argues that he

14   "does not recall" the case.

15        This Court has reviewed the magistrate judge's findings and recommendations in

16   Pontarolo, which were adopted in full in the district court's Dismissal Order.  The magistrate

17   judge's recommendation states, "Plaintiff's complaint fails to state any federal claim upon

18   which relief can be granted, and it does not appear that plaintiff can cure the defects of any

19   federal claim.  The undersigned will recommend that this action be dismissed."  See Dkt. 7 in

20   Case No. CIV S-04-2383 FCD DAD P at 8.  On January 23, 2006, the District Court adopted

21   the recommendation, finding upon which relief can be granted."  See Dkt. 10 in Case No.

22   CIV S-04-2383 FCD DAD P at 2.  Therefore, irrespective of whether Plaintiff has any

23   recollection of that case, the Court has now independently confirmed that Greene v.

24   Pontorolo, Case No. CIV S-04-2383 FCD DAD P, constitutes a qualifying dismissal under

25   § 1915(g).

26        Plaintiff also argues that § 1915(g) is unconstitutional.  Dkt. 9 at 2.  The Ninth Circuit

27   has rejected this argument.  See Rodriguez v. Cook, 169 F.3d 1176, 1180-82 (9th Cir. 1999)

28   (holding § 1915(g) does not violate due process, equal protection, Ex Post Facto Clause or

*United States District Court*
*For the Northern District of California*

1 | separation of powers).

2 | **CONCLUSION**

3 |     In sum, Plaintiff was given the opportunity to be heard on the question of whether the

4 | instant action is subject to dismissal under § 1915(g).  See Andrews, 398 F.3d at 1120-21.

5 | Although this Court had originally listed four qualifying dismissals in its Order to Show

6 | Cause, only three prior dismissals are needed to qualify under § 1915(g).  Therefore, even

7 | though Case No. C 08-00677 CRB (PR) no longer constitutes as a qualifying dismissal,

8 | Plaintiff's three other dismissals in Case Nos. S-04-2383 FCD DAD P, S-02-2398 FCD KJM

9 | P and S-00-0196 LKK DAD P may be counted as dismissals for purposes of § 1915(g).

10 | Therefore, Plaintiff's responses to the Court's Order to Show Cause fail to establish that §

11 | 1915(g) does not apply.  Accordingly,

12 |     IT IS HEREBY ORDERED THAT:

13 |     1.    Plaintiff's request to proceed in forma pauperis is DENIED.  Dkt. 5.

14 |     2.    This action is hereby DISMISSED without prejudice to Plaintiff's refiling his

15 | claims in a new case in which he pays the full filing fee.  See 28 U.S.C. § 1915(g).

16 |     3.    The Clerk of the Court shall enter judgment, terminate all pending motions, and

17 | close the file.

18 |     4.    This Order terminates Docket no. 5.

19 |     IT IS SO ORDERED.

20 |

21 | DATED: August 4, 2014                _____
                            SAUNDRA BROWN ARMSTRONG

                            United States District Judge

**United States District Court**
**For the Northern District of California**